## STATE OF MISSOURI, Respondent, v. GEORGE McCOY, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

1. **CRIMINAL LAW: Information: Verification.** An information must be verified by the prosecuting attorney, or be based upon the affidavit of some person. In the latter case the affidavit must be filed with the information. The verification by the prosecuting attorney may be made upon information and belief, but the affidavit made by a private person is insufficient when made upon information and belief.

2. ——: ——: ——: **Duty of Prosecuting Attorney to Inform the Court.** It is not sufficient for a prosecuting attorney to state in an information that he is informed by the affi-

davit of another person that an offense has been committed. He must inform the court that the defendant has committed an offense. When he bases the information upon the affidavit of a private person he should so state therein and file the affidavit with the information as the statute requires.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

COX, J.—Defendant was convicted of the offense of common assault upon an information filed by the prosecuting attorney in the circuit court of Christian county, and from that conviction has appealed.

The only question before us for consideration is the sufficiency of the information. The information is as follows:

"Fred W. Barrett, Prosecuting Attorney within and for the County of Christian, in the State of Missouri, informs the court, under his official oath and upon his best information and belief, that he is informed by the affidavit of H. William Friebe that George McCoy, on or about the second day of December, 1907, in the said County of Christian in the State of Missouri, did then and there unlawfully and willfully assault, strike, beat and wound the said H. William Friebe on the head with his fist contrary to the form of the statute in such cases, made and provided against the peace and dignity of the State.

"(Signed)                    FRED W. BARRETT,
                              "Prosecuting Attorney.

"Fred W. Barrett, Prosecuting Attorney, makes oath and says that the facts stated in the foregoing information are true according to his best knowledge, information and belief.

"(Signed)                    H. WILLIAM FRIEBE.

"Subscribed and sworn to before me, the second day of December, A. D. 1907.

"(Signed) S. D. MAPLES,
"Circuit Clerk."

The statute authorizing the filing of informations in the circuit court by the prosecuting attorney so far as applicable to this information is as follows: .

"Informations may be filed by the prosecuting attorney as informant during term time or with the clerk in vacation of the court having jurisdiction of the offense specified therein. All informations shall be signed by the prosecuting attorney and be verified by his oath, or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person which shall be filed with the information."

Verification by the prosecuting attorney may be upon information and belief. It will be observed first that an information filed by the prosecuting attorney in the circuit court must be verified, or be based upon the affidavit of some person. In the latter case the affidavit must be filed with the information. In this case no affidavit was filed, but the only verification is what appears in the affidavit at the close of the information above set out. This affidavit is drawn as if it were to be executed by the prosecuting attorney, but is not signed by him, but is signed by the prosecuting witness. It is apparent that this is not sufficient for if it is to be taken as the affidavit of Friebe it is insufficient for the reason that it is made upon information and belief only which is not a sufficient verification when made by a private person, but would only be sufficient when made by the prosecuting attorney himself. It is not a verification by the prosecuting attorney for the reason that he does not sign the affidavit, and so far as the record shows, was not sworn to it. This information is, therefore, bad for the want of a proper verification.

It is also bad for another reason. The prosecuting attorney, in the body of the information, does not purport to inform the court that the defendant has committed an assault upon Friebe, but he informs the court that he is informed by the affidavit of Friebe that an offense has been committed. This is not sufficient. The prosecuting attorney may base an information upon the affidavit of a private person, but when he does so he should so state in his information and file the affidavit with the information as the statute requires but even in that case a party cannot be tried upon the affidavit of an individual. The duty of informing the court by a proper information rests with the prosecuting attorney. He cannot shift or evade this duty. It is his duty to first inform himself and satisfy himself that an offense has been committed, and then if he desires to prosecute this offense he must inform the court that the offense has been committed, and it is not sufficient for him to inform the court that some one else has informed him that an offense has been committed. Therefore, no proper charge that defendant had committed an assault was made in this case, and, for that reason, as well as for the reason that the information was not properly verified, the motion in arrest of judgment should have been sustained. It, therefore, follows that the judgment must be reversed.

But it may be that the defendant can be convicted if a proper information is lodged against him and as this one is amendable, the cause will be remanded to permit the prosecuting attorney to file an amended information if he so desires. All concur.